Chen v. Holder

BIA
A076 627 827

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of August, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

BIN CHEN, also known as MEIQIN CHEN,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-1165-ag
NAC

_____

FOR PETITIONER: WaiSim M. Cheung, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bin Chen, a native and citizen of China, seeks review of a March 9, 2010, decision of the BIA denying her motion to reopen. *In re Bin Chen,* No. A076 627 827 (B.I.A. Mar. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Chen's May 2009 motion was filed within 90 days of the issuance of the BIA's February 2009 final decision following reopening and remand, Chen was not required to demonstrate changed conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2),(c)(3)(ii). Although the BIA stated that Chen sought reopening "based on a claim of changed country conditions," it did not abuse its discretion in denying Chen's motion, as it concluded not that Chen failed to demonstrate changed country conditions, but that Chen failed to establish her *prima facie* eligibility for relief.

Chen's argument that she established her *prima facie* eligibility for relief based on the birth of her U.S. citizen children is largely foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 172-73 (2d Cir. 2008) (finding no error in the BIA's determination that the country conditions evidence related to Fujian Province did not demonstrate a realistic chance that the petitioner would be forcibly sterilized for violating the family planning policy with the birth of her U.S. citizen children, despite isolated reports of forced sterilization). Chen's contention that the BIA erred in ignoring "critical" new evidence, particularly a special administrative reply notice from the LangQi Town Family Planning Office addressed to Chen and the 2005 Fujian Family Planning Rules and Practice Publication Manual, is unavailing. The BIA did not err in according little weight to these materials, purporting to be from Chinese authorities, as they were not authenticated, appeared to have been obtained for the purpose of filing to reopen, and did not identify their author(s). *See Shunfu Li*

2

*v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (although agency may not reject document solely for lack of authentication pursuant to 8 C.F.R. § 287.6, the agency has "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, neither the notice nor the Manual were material to Chen's claimed fear of forced sterilization, because their references to the family planning policy's mandatory sterilization requirement did not demonstrate that such sterilizations are performed by force. *See Jian Hui Shao*, 546 F.3d at 165, 172.

Chen further asserts that the BIA applied the wrong burden of proof in assessing her religion-based claim by requiring her to establish her ultimate eligibility for relief as opposed to her *prima facie* eligibility. However, the BIA's statement that the evidence was insufficient to demonstrate she would be subjected to persecution does not mean that the BIA required her to establish that she would definitely be subjected to persecution. It means simply that she was required to show she faced a risk of such punishment. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68-69 (2d Cir. 2002) (concluding that the BIA's language that an applicant had not shown "that he would be subject to persecution on his return to China" did not demonstrate that the BIA held the applicant to a higher burden of proof than the well-founded fear standard, but "simply fault[ed] the applicant for failing to show that any of [his] actions would even potentially subject [him] to persecution upon his return to China.").

In addition, the BIA reasonably concluded that Chen's evidence failed to establish her *prima facie* eligibility for relief based on her practice of Christianity. While Chen's evidence demonstrates that there have been reports of the detention and harassment of some leaders of unregistered churches, the evidence establishes that China currently allows the practice of religion in Christian churches and that, in some parts of the country, unregistered Christian groups are permitted to meet without registering.

Because the BIA considered the record evidence and reasonably determined that Chen failed to present sufficient

3

reliable evidence demonstrating her *prima facie* eligibility for relief on either ground asserted, the BIA did not abuse its discretion in denying Chen's motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (movant's failure to establish *prima facie* case for relief sought is proper ground on which BIA may deny motion to reopen); *see also Jian Hui Shao*, 546 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4